**UNITED STATES of America**

v.

**Gordan PLATT.**

**No. C–CR–89–166.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 23, 1990.

**1198**

Robert J. Conrad, Jr., Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Prosser D. Carnegie, Charlotte, N.C., for defendant.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant Gordan Platt's Motion, filed April 11, 1990, for relief from prejudicial joinder. Because the trial of this matter was scheduled to begin on April 16, 1990, the Court heard arguments from Defendant Gordan Platt and the Government after the jury was selected. Thereafter, the Court denied Defendant Gordan Platt's Motion from the bench in open court and the trial proceeded as scheduled. On April 18, 1990, the jury returned a guilty verdict against both Defendants on both counts of the Bills of Indictment. The Court has entered this Order to clarify the oral Order of April 16, 1990.

Defendant Gordan Platt was indicted on October 4, 1989 for his part in a conspiracy to distribute cocaine and the theft of Government-owned property. His brother, Belton LaMont Platt, had been previously indicted in case number C–CR–89–52 for the same offenses.

On October 20, 1989, the Government filed a motion pursuant to Rule 13 of the Federal Rules of Criminal Procedure to consolidate both matters for a single trial. *Neither Defendant filed a response to the motion.* The Court granted the motion on November 13, 1989 after finding the offenses arose out of the same series of acts or offenses and that both Defendants could have originally been joined for trial had the identity of Gordan Platt been known when Belton LaMont Platt was indicted. *Neither Defendant filed an objection to the Order or a request for reconsideration of the Order.*

In his Motion, Defendant Gordan Platt raises two grounds for relief from prejudicial joinder. First, Gordan Platt states that the Government will introduce considerable evidence against Belton LaMont Platt that has no rational connection to Defendant Gordan Platt. Thus, Defendant Gordan Platt argues that this evidence will unfairly prejudice the jury against him. Second, Defendant Gordan Platt contends that he intends to call Belton LaMont Platt as an exculpatory witness. However, Defendant Gordan Platt believes it is extremely unlikely that Belton LaMont Platt will testify on his behalf if the cases remain joined for trial.

Rule 14 of the Federal Rules of Criminal Procedure is applicable to motions for relief from prejudicial joinder. The rule provides in pertinent part:

> If it appears that a defendant or the government is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires ...

■ The decision to grant severance based upon prejudicial joinder rests with the trial court. *See* 8 *Moore's Federal Practice*, § 14.02[1] at 14–4 (Matthew Bender 1990) (hereinafter *"Moore's"*). The trial court's denial of a motion to sever is "virtually unreviewable" unless a clear showing of abuse of discretion is made. *Id.; United States v. Goldman*, 750 F.2d 1221 (4th Cir.1984). In determining wheth-

er to grant a Rule 14 motion, the court must balance potential prejudice of the defendants against judicial economic interests. *United States v. Stratton,* 649 F.2d 1066 (5th Cir.1981). The defendant undertakes a "considerable burden" in attempting to show the trial judge abused his discretion in denying a motion to sever. *Moore's* at 14–5; *see also* Defendant Gordan Platt's Motion for Relief from Prejudicial Joinder, filed on April 11, 1990, at 2 ("[d]efendant's recognition of the case law which holds that, in making a Rule 14 Motion for Relief from Prejudicial Joinder, the burden is upon the defendant to present evidence which would justify a ruling in his favor").

After careful consideration of Defendant Gordan Platt's Motion and the arguments made to the Court, the Court denied the Motion on two grounds. A discussion of those grounds follows.

### A. *Denial of the Motion on Procedural Grounds.*

Rule 12(b)(5) of the Federal Rules of Criminal Procedure requires that motions to sever under Rule 14 be made prior to trial. Rule 12(c) allows the court to set a deadline for the filing of pretrial motions. Rule 12(f) provides that a failure of a party to raise defenses or objections which must be made prior to trial, at the time set by the court pursuant to Rule 12(c), or prior to any extension made by the court, shall constitute waiver, but the court for cause shown may grant relief from the waiver.

 If the facts and circumstances which form the basis of the Rule 14 motion are available to the defendant prior to trial, the motion should be made at that time. *See Moore's* at 14–7. Failure to make the motion in a timely manner may constitute a waiver pursuant to Rule 12(f). *See United States v. Harris,* 761 F.2d 394, 400 (7th Cir.1985) (noting that under Rule 12(b)(5), a motion to sever is subject to denial as untimely if not made before trial); *United States v. Perez,* 648 F.2d 219, 223 (5th Cir. Unit B 1981) (stating that motion to sever made at close of government's case was untimely, and trial court properly denied

motion). Motions to sever that are not made prior to the Rule 12(c) pretrial motion deadline are untimely and are subject to waiver absent a sufficient showing of cause for the late filing. *See United States v. Casamayor,* 837 F.2d 1509, 1512 (11th Cir.1988) (motion to sever filed on "eve of trial" was untimely), *cert. denied sub. nom, Barker v. United States,* —— U.S. ——, 109 S.Ct. 813, 102 L.Ed.2d 803 (1989); *United States v. Hoelker,* 765 F.2d 1422, 1425 (9th Cir.1985) (finding that motion to sever that was not made until *day before scheduled trial date and two months after date for filing pretrial motion* was untimely), *cert. denied,* 475 U.S. 1024, 106 S.Ct. 1219, 89 L.Ed.2d 330 (1986); *see also United States v. Butler,* 611 F.2d 1066, 1071 (5th Cir.1980).

In this case, United States Magistrate Paul B. Taylor entered an arraignment order on November 7, 1989. That Order stated:

4. All pretrial motions must be in writing and must be filed within fifteen (15) days from the date of this Arraignment Order. *Motions not timely filed will be summarily denied.* (emphasis added).

The record in this case indicates no extensions for the filing of pretrial motions were granted.

 The Court believes Defendant Gordan Platt's motion to sever is untimely because it was not filed before the deadline for the filing of pretrial motions. Moreover, the Court does not believe Defendant Gordan Platt has shown cause why relief should be granted from the waiver. The Motion is silent concerning why it was filed three business days before trial and over four months past the deadline for the filing of pretrial motions. During the argument of the Motion, Defendant Gordan Platt's counsel initially did not respond to the Court's inquiry as to why the Motion was untimely. Upon further probing, counsel indicated that he had not received a copy of the Government's motion to consolidate and that he had only recently learned that Defendant Belton LaMont Platt intended to

testify on behalf of Defendant Gordan Platt.

The Court believes both of these excuses for failing to file the motion in a timely manner fails to show adequate cause exists to grant relief from the waiver. Although counsel may not have received a copy of the Government's motion, Defendant Gordan Platt was served with a copy of the motion. Moreover, counsel admitted that he had received a copy of the Court's Order granting the Motion, and that he had failed to file an objection or a request for reconsideration. Furthermore, the Court finds it incredulous that Defendant Gordan Platt only learned recently that his brother intended to testify on his behalf. Both Defendants were incarcerated in the same facility prior to trial giving them ample opportunity to discuss the case. The Court simply does not believe that Defendant Belton LaMont Platt's intent to testify is a recent development.

The Court concludes that Defendant Gordan Platt has failed to show sufficient cause for the Court to grant relief from the waiver. Accordingly, the Court affirms its oral Order of April 16, 1990 denying Defendant Gordan Platt's Motion to Sever on Procedural Grounds pursuant to Rule 12(f).

**B.** *Denial of the Motion on the Merits.*

■ The Court also believes that Defendant Gordan Platt has failed to carry his "considerable burden" in order to show that severance is appropriate in this case. The Court will address both of Defendant Gordan Platt's arguments below.

**1.** *Spill-over Prejudicial Evidence from Defendant Belton LaMont Platt.*

Defendant Gordan Platt argues that the Government intended to introduce a great deal of damaging evidence against Defendant Belton LaMont Platt that had no connection with Defendant Gordan Platt. According to Defendant Gordan Platt, the jury would be unable to separate this evidence and would apply it in a prejudicial manner against Defendant Gordan Platt. At trial, jewelry and cash seized from De-fendant Belton LaMont Platt's late-model Mercedes Benz was introduced. However, the Court gave repeated limiting instructions that the jury was to consider that evidence only as to Defendant Belton LaMont Platt.

■ The Court must start its legal analysis with the general rule that defendants who are properly joined together for trial should be tried together in order to best serve the interests of judicial economy and convenience. *Moore's* at 14–24; *United States v. Mandel,* 591 F.2d 1347, 1371 (4th Cir.1979). The general rule is especially important when one crime may be proven against two or more defendants on the same evidence. *Mandel,* 591 F.2d at 1371. Only when a spill-over of evidence from one defendant to a second defendant will prevent him from a fundamentally fair trial will the general "one trial" rule be placed aside. *Id.*

The defendant seeking severance must make a strong showing of prejudice. *Id.* "A defendant is not entitled to a separate trial merely because it might offer a better chance of acquittal." *See Moore's* at 14–25. Severance is not appropriate if the jury can apply evidence separately as to each defendant. *Id.* The use of limiting instructions by the Court can be of assistance in accomplishing this goal.

The Court believes that the jury, through limiting instructions, was able to separate the evidence and apply it to the correct Defendant. Given the fact that "a claim of disparity of evidence will only result in severance in the most extreme case where the prejudice is clearly beyond the curative powers of a cautionary instruction", the Court concludes that Defendant Gordan Platt's Motion lacks merit on the grounds of disparity of evidence. *Moore's* at 14–46.

**2.** *Exculpatory Testimony of Defendant Belton LaMont Platt.*

Defendant Gordan Platt also argues that the motion to sever should be granted on the grounds that Defendant Belton LaMont Platt would offer exculpatory testimony if the cases were tried separately. However,

Defendant Gordan Platt does not believe Defendant Belton LaMont Platt will waive his right against self-incrimination if the matter remains consolidated for trial.

Motions for severance on the ground of absence of a co-defendant's testimony are usually denied. *See Moore's* at 14–40; *see also Hoelker*, 765 F.2d at 1425. The Motion must be accompanied by more than a bare, unsupported contention that a separate trial would provide exculpatory testimony. The Fourth Circuit has enunciated the following standard for determining whether severance should be granted.

> Where the motion for severance is based, as here, on the asserted need for a co-defendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony. Given such a showing, the court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion, and (5) consider the likelihood that the co-defendant's testimony could be impeached.

*United States v. Parodi*, 703 F.2d 768, 779 (4th Cir.1983) (citations omitted). In applying the factors in the *Parodi* case, the Fourth Circuit held that the trial court correctly denied the defendant's motion to sever. *Id.* at 780.

Likewise, in this case, the Court believes a fair application of the *Parodi* factors weighs against granting Defendant Gordan Platt's Motion. When the Court inquired as to what Defendant Belton LaMont Platt would testify, counsel indicated that Defendant Belton LaMont Platt would state that Defendant Gordan Platt was not present or involved with the conspiracy. *See Hoelker*, 765 F.2d at 1425 (denying motion to sever where co-defendant's testimony would be cumulative). However, the Government stated that at least two eye-witnesses at trial would, and in fact did, place Defendant Gordan Platt in the immediate area of meetings where the drug transaction was discussed. Thus, the Court does not believe Defendant Gordan Platt has sustained his burden in accordance with *Parodi*.

The Court does not believe it is necessary to discuss in-depth the factors enunciated in *Parodi* in light of what occurred at trial. During Defendant Belton Platt's case-in-chief, Defendant Belton LaMont Platt took the stand. Counsel for Defendant Gordan Platt did not ask any questions despite being given opportunities after direct, cross, re-direct, and re-cross. Thus, it appears to the Court that Defendant Gordan Platt has waived any objection to the denial of the motion to sever on the ground that Defendant Gordan Platt would provide exculpatory testimony.

### C. *Order.*

NOW, THEREFORE, IT IS ORDERED that Defendant Gordan Platt's Motion for Relief from Prejudicial Joinder be, and hereby is, DENIED.